```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------x
JOHN IAFFALDANO,
                                                    MEMORANDUM AND ORDER
                Plaintiff,
                                                    Case No. 1: 18-cv-6329-FB
        -against-

COMMISSIONER OF SOCIAL
SECURITY,


                Defendant.
------------------------------------------------x
```

*Appearances:*        *For the Defendant*:
*For the Plaintiff*:       RICHARD P. DONOGHUE, ESQ.
HAROLD SKOVRONSKY, ESQ.    United States Attorney
1810 Avenue N                     Eastern District of New York
Brooklyn, New York 11230       271 Cadman Plaza East, 7th Floor
                                     Brooklyn, New York 11201

**BLOCK, Senior District Judge:**

John Iaffaldano seeks review of the Commissioner of Social Security's decision denying his application for disability insurance benefits. Both parties move for judgment on the pleadings. Iaffaldano requests a remand for further proceedings and the Commissioner requests dismissal. For the following reasons, Iaffaldano's motion is granted and the Commissioner's motion is denied.

I

Iaffaldano filed an application for benefits on July 1, 2015, alleging that he became disabled on December 1, 2014. His application was denied, and he requested a hearing before an ALJ. After the hearing, the ALJ ruled that Iaffaldano

1

was not disabled. The ALJ assigned an RFC of: "light work as defined in 20 CFR 404.1567(b) except that he can occasionally stoop, kneel, crouch, crawl, reach overhead with the right upper extremity, and climb ramps or stairs. He cannot reach overhead with the left upper extremity and cannot climb ladders, ropes, or scaffolds. He can frequently read small (10 point) print type instructions and can use computers or other machinery that permit the user to enlarge text. Finally, he can frequently perform job tasks that require precise near acuity, such as threading a needle or reading small print." The Appeals Council declined review and this action followed.

## II.

"In reviewing a final decision of the Commissioner, a district court must determine whether the correct legal standards were applied and whether substantial evidence supports the decision." *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004); *see also* 42 U.S.C. § 405(g). "Substantial evidence . . . means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (internal quotation marks and alterations omitted) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

## III.

Iaffaldano argues that the ALJ's finding that his mental impairments were non-severe is not supported by substantial evidence. "[A]n impairment is not severe

if it has no more than a minimal effect on an individual's physical or mental abili[ties] to do basic work activities." SSR 85-28, 1985 WL 56856, at *3 (1985).

The record includes opinions of two consultative psychiatric doctors, Dr. Melody Goldman and Dr. W. Skranovski. Dr. Goldman concluded, after examining Iaffaldano in-person, that his mental impairments result in more than a "minimal effect" on his ability to work. Dr. Skranovski concluded, without examining Iaffaldano in-person, that his mental impairments do not result in more than a "minimal effect" on his ability to work.

The ALJ's severity determination is consistent with Dr. Skranovski's opinion; however, the ALJ's decision fails to reconcile the apparent inconsistencies between the two examiners, neither of which actually treated Iaffaldano. Notably, the record does not include a treating psychologist's opinion despite Iaffaldano receiving mental health treatment since 1992. *See Flynn v. Comm'r of Soc. Sec*, 729 F. App'x 119, 122 (2d Cir. 2018) ("The treatment provider's perspective would seem [] more important in cases involving mental health").

Accordingly, the ALJ's severity determination is not supported by substantial evidence. The record here, at 284 pages, is simply not robust enough for the ALJ to make a determination without a treating psychologist's opinion or notes. *See Bluman v. Berryhill*, 2017 WL 3910435, at *2 (W.D.N.Y. Sept. 7, 2017) (noting that 748 pages is the average record size in social security cases).

Additionally, the ALJ erroneously failed to consider any mental impairments, severe or not, in Iaffaldano's RFC. *See Parker-Grose v. Astrue*, 462 F. App'x 16, 18 (2d Cir. 2012) (summary order) ("even if . . . substantial evidence supports the ALJ's finding that [claimant's] mental impairment was nonsevere, it would still be necessary to remand . . . because the ALJ failed to account [for claimant's] mental limitations when determining her RFC").

Remand is required to allow the ALJ to obtain treating psychologist opinions and records before reevaluating Iaffaldano's severe impairments and RFC.

### III

For the foregoing reasons, Iaffaldano's motion is GRANTED and Commissioner's motion is DENIED.

**SO ORDERED.**

                                                      /S/ Frederic Block_____
                                                      FREDERIC BLOCK
                                                      Senior United States District Judge

Brooklyn, New York
July 2, 2020